In re Fusion PM Holdings, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

IQMax, Inc.,

> *Appellant*,

> v.

Fusion PM Holdings, Inc.,

> *Debtor-Appellee.*[*]

---

| | |
|---|---|
| **FOR APPELLANT:** | Craig V. Gabbert, Jr., Bass, Berry & Sims PLC, Nashville, TN |
| **FOR DEBTOR-APPELLEE:** | Jared R. Friedmann and Sarah M. Sternlieb, Weil, Gotshal & Manges LLP, New York, NY |

22-907

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant IQMax, Inc. sold substantially all of its assets to Debtor-Appellee Fusion PM Holdings, Inc. in 2018, including its proprietary software. The asset purchase agreement ("APA") provided that, in addition to other fees, IQMax would receive a "royalty fee . . . equal to nineteen percent . . . of the Net Revenue derived by [Fusion] from sales of" IQMax's software in excess of $1.75 million annually. Joint App'x at JA-1221. Fusion filed for Chapter 11 bankruptcy protection in 2019. Fusion's confirmed bankruptcy plan assumed some executory contracts and rejected others under 11 U.S.C. § 365(a). In particular, Fusion "deemed rejected" "all executory contracts and unexpired leases to which any of the Debtors are parties." Joint App'x at JA-1149. But the plan excepted "all intellectual property contracts, licenses, royalties, or other similar agreements to which the Debtors have any rights or obligations in effect as of the date of the Confirmation Order," which Fusion assumed. *Id.* at JA-1152.

In 2021, after the bankruptcy court (Jones, *J.*) confirmed Fusion's bankruptcy plan, IQMax moved for a declaration that Fusion had assumed, rather than rejected, the APA. The bankruptcy court denied the motion, concluding that "the plain language of the asset purchase agreement, combined with the confirmed plan . . . preclude[d]" IQMax's motion. *Id.* at JA-1713. It held that the bankruptcy plan was best read as assuming "ongoing intellectual property arrangements on which the business depended . . . such that the reorganized Debtor would be []able to use intellectual property that it . . . negotiated access to from business partners or licensors." *Id.* at

2

JA-1718. The APA was not such a royalty, but instead "a form of deferred compensation . . . for assets that had already been conveyed in full." *Id.* "The mere use of the term royalty fee . . . to characterize one aspect of the consideration for an outright purchase" did not "transform IQMax's entitlement into the sort of licensing or intellectual property ongoing arrangement that" Fusion's assumption encompassed. *Id.* at JA-1719.

IQMax appealed to the U.S. District Court for the Southern District of New York. The district court (Kaplan, *J.*) "affirmed substantially for the reasons stated" by the bankruptcy court. *Id.* at JA-1751. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000). "The Bankruptcy Court's interpretation of the text of the Plan . . . [is] reviewed de novo." *Id.* (citation omitted). "The Court follows principles of contract interpretation to interpret a confirmed plan of reorganization." *In re FFS Data, Inc.*, 776 F.3d 1299, 1304 (11th Cir. 2015) (citation omitted).[1] "[W]e need not decide whether to apply state law contract principles or federal common law principles because they do not conflict here." *Id.* at 1304 n.5. "[A] contract that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms." *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 957 F.3d 337, 344 (2d Cir. 2020) (cleaned up)

---

[1] *Accord, e.g.*, *Barraford v. T & N Ltd.*, 778 F.3d 258, 263 (1st Cir. 2015); *In re Settlement Facility Dow Corning Trust*, 628 F.3d 769, 772 (6th Cir. 2010); *In re Tex. Com. Energy*, 607 F.3d 153, 158 (5th Cir. 2010); *In re Shenango Grp., Inc.*, 501 F.3d 338, 344 (3d Cir. 2007); *Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004); *In re Harvey*, 213 F.3d 318, 320 (7th Cir. 2000).

(under New York law); *accord Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002) (noting that "according to federal common law," a court should "giv[e] terms their plain meanings," and "[w]here the contract language is plain and unambiguous, a court may construe the contract and grant summary judgment" (cleaned up)).

We see no error in the bankruptcy court's interpretation of the bankruptcy plan or its application of the plan to the APA. We thus affirm for the reasons stated by the bankruptcy court. *See* Joint App'x at JA-1710 to -20.

We have considered IQMax's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court